Timothy I Crawley, OSB No. 122546
CRAWLEY LLP
PO Box 8931
Portland, OR 97207
Tel. 503-953-6858
Fax. 503-300-2760
tcrawley@crawleyllp.com
	Of Attorneys for Plaintiffs Killa Bees Distribution LLC; Kevin Wong

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KILLA BEES DISTRIBUTION LLC, dba KILLA BEEZ, an Oregon limited liability company; KEVIN WONG, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>LEFT COAST FINANCIAL SOLUTIONS, INC., an Oregon corporation; LEFT COAST FS HOLDINGS, INC. dba LCFS, an Oregon corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>(Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; Unjust Enrichment; Negligence; Fraudulent Misrepresentation; Dishonored Check, ORS 30.701; Conversion; RICO Violations, 18 U.S.C. §§ 1961-1968)<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COME Plaintiffs Killa Bees Distribution LLC doing business as Killa Beez ("Killa Beez") and Mr. Kevin Wong ("Mr. Wong" or together with Killa Beez as "Plaintiffs"), by their attorney, Timothy I. Crawley of CRAWLEY LLP, and plead Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; Unjust Enrichment; Negligence; Fraudulent Misrepresentation; Dishonored Check, ORS 30.701; Conversion; and RICO Violations, 18 U.S.C. §§ 1961-1968 against Defendant Left Coast Financial Solutions, Inc. ("Defendant Left Coast Financial Solutions") and Defendant Left Coast FS Holdings, Inc.

doing business as LCFS ("Defendant Left Coast FS Holdings" or collectively with Defendant Left Coast Financial Solutions as "Defendants" or "Defendants Left Coast") as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b). Defendants Left Coast are incorporated in this judicial district and the events giving rise to the claims asserted herein occurred here as well.

## The Parties

2. Plaintiff Killa Beez Distribution LLC is a limited liability company, duly registered and doing business in the State of Oregon.

3. Plaintiff Kevin Wong is an individual residing in the County of Multnomah, State of Oregon.

4. Defendant Left Coast Financial Solutions is an Oregon corporation.

5. Defendant Left Coast FS Holdings is an Oregon corporation.

## Background Allegations

6. Mr. Wong approached Defendants Left Coast via two principal owners and officers, Casey Elizabeth Nye-Herrington and Daniel Herrington ("Mr. Herrington" and "Ms. Nye-Herrington"), in or around February 2022, as a means for doing "banking" on behalf of his business, Killa Beez Distribution LLC, a marijuana product distributor based in Oregon. Around that same time, Defendants, provided forms for Mr. Wong to fill out to "open an account" with Defendants. Plaintiffs proceeded to "deposit" ONE HUNDRED TWENTY-SIX THOUSAND NINE HUNDRED NINTY-FOUR and 02/100 DOLLARS ($126,994.02) with Defendants.

7. In or around September 2022, Mr. Sunnie Hart, one of the minority members of Killa Beez, informed Mr. Herrington and Ms. Nye-Herrington that Killa Beez would be making a large sum withdrawal from Defendants in approximately a month or so.

8. On or about November 2, 2022, Mr. Wong requested, and Defendants provided a check for THIRTY THOUSAND and 00/100 DOLLARS ($30,000.00) (Check No. 14354).

Mr. Wong attempted to deposit this check into his account at OnPoint Community Credit Union ("OnPoint") and the check was returned insufficient funds.

9. Mr. Hart immediately informed Mr. Herrington and Ms. Nye-Herrington of the returned check and requested a reissuance. Mr. Herrington and Ms. Nye-Herrington reissued the same check once again, and, once again, Mr. Wong attempted to deposit the check into his account at OnPoint. Again, the check was returned insufficient funds.

10. On or about November 18, 2022, Mr. Wong got in contact with Mr. Herrington and Ms. Nye-Herrington about the second bounced check. Mr. Herrington and Ms. Nye-Herrington informed him that they were no longer with the company and that Dominic Villela, the new company CEO, could answer his questions moving forward. They forwarded Mr. Wong's contact information.

11. In or around the same time, Mr. Wong requested that Defendants issue a check to one of Killa Beez's suppliers for payment for one of its purchases. Defendants issued a check out to Eagle Valley Farm in the amount of TWENTY-TWO THOUSAND SIX HUNDRED EIGHTY-NINE and 00/100 DOLLARS ($22,689.00) and the check was returned, insufficient funds.

12. To date, Defendants have failed to issue Plaintiffs their "withdrawals" and continue to refuse to return Plaintiffs' funds upon request. Plaintiffs have demanded the return of the full value of their "deposits", amounting to ONE HUNDRED TWENTY-SIX THOUSAND NINE HUNDRED NINTY FOUR and 02/100 DOLLARS ($126,994.02)

FIRST CAUSE OF ACTION

(Breach of Contract)

13. Plaintiffs Kevin Wong and Killa Beez reallege and incorporate paragraphs 1 through 12 as though fully set forth herein.

14. Plaintiffs and Defendants Left Coast entered into a valid and enforceable Contract in the form of an agreement, whereby Defendants Left Coast would receive funds from Plaintiffs as "deposits" and provide funds to Plaintiffs as Plaintiffs requested ("the Contract").

**COMPLAINT**

15. Plaintiffs fulfilled all requirements of the Contract that Plaintiffs were supposed to fulfill as conditions to Defendants Left Coast's performance under the Contract.

16. Defendants Left Coast breached the Contract when Defendants Left Coast received deposits and issued checks to Plaintiffs and Plaintiffs' payee that were not honored.

17. As a direct and proximate cause of Defendants Left Coast's breach, Plaintiffs have been damaged in an amount to be proven at trial but not to exceed ONE HUNDRED TWENTY-SIX THOUSAND NINE HUNDRED NINTY FOUR and 02/100 DOLLARS ($126,994.02).

18. Plaintiffs are entitled to costs and disbursements, pre- and post- judgment interest, and any other relief the Court deems proper.

## SECOND CAUSE OF ACTION

(Breach of the Covenant of Good Faith and Fair Dealing)

19. Plaintiffs reallege and incorporate paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiffs had a valid and enforceable Contract with Defendants Left Coast.

21. Plaintiffs claim that Defendants Left Coast breached the duty of good faith by receiving "deposits" and failing to honor Plaintiffs' requests for "withdrawal" of funds from Plaintiffs' "account" with Defendants.

22. Plaintiffs did all that they were required to do under the Contract to require Defendants Left Coast's performance.

23. As a direct and proximate cause of Defendants Left Coast's breach, Plaintiffs have been damaged in an amount to be proven at trial but not to exceed ONE HUNDRED TWENTY-SIX THOUSAND NINE HUNDRED NINTY FOUR and 02/100 DOLLARS ($126,994.02).

24. Plaintiffs are entitled to costs and disbursements, pre- and post- judgment interest, and any other relief the Court deems proper.

/ / /

/ / /

**COMPLAINT**

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

25. Plaintiffs reallege and incorporate paragraphs 1 through 24, as though fully set forth herein.

26. Plaintiffs conferred a benefit on Defendants at Plaintiffs' expense, in the form of providing funds for their "account" with Defendants Left Coast which gained financial benefits from the "deposits".

27. It would be unjust to allow Defendants to retain the benefit without paying adequate compensation for the amounts Plaintiffs provided, expecting accessibility to their own funds.

28. Plaintiffs are entitled to damages in an amount to be determined at trial but not to exceed ONE HUNDRED TWENTY-SIX THOUSAND NINE HUNDRED NINTY FOUR and 02/100 DOLLARS ($126,994.02).

29. Plaintiffs are entitled to costs and disbursements, pre- and post- judgment interest, and any other relief the Court deems proper.

## FOURTH CAUSE OF ACTION

### (Negligence)

30. Plaintiffs reallege and incorporate paragraphs 1 through 29, as though fully set forth herein.

31. Defendants conduct caused a foreseeable risk of harm in that Defendants failed to keep adequate reserves capable of fulfilling Plaintiffs' requests for funds as needed, causing Plaintiffs to suffer shortfalls in cash, fees associated with dishonored checks, and other damages.

32. Defendants are required to act as a reasonable financial institution.

33. Defendants conduct fell below the standard of care when Defendants failed to provide funds to Plaintiffs upon their request for "withdrawal".

34. The conduct was the actual and proximate cause of Plaintiffs' harm – the inaccessibility Plaintiffs had to their cash.

35. Plaintiffs were within the class of persons/entities and Plaintiffs' injury were within the general type of potential incidents and injuries that made Defendants conduct negligent.

36. Plaintiffs are entitled to damages in an amount to be determined at trial but not to exceed ONE HUNDRED TWENTY-SIX THOUSAND NINE HUNDRED NINTY FOUR and 02/100 DOLLARS ($126,994.02)

37. Plaintiffs are entitled to costs and disbursements, pre- and post- judgment interest, and any other relief the Court deems proper.

## FIFTH CAUSE OF ACTION

(Fraudulent Misrepresentation)

38. Plaintiffs reallege and incorporate paragraphs 1 through 37, as though fully set forth herein.

39. Defendants represented that Plaintiffs would be able to deposit and withdraw funds into an "account" with Defendants Left Coast.

40. Defendant's representations were false.

41. Defendant's representations were material to Plaintiffs' actions in depositing funds and attempting to cash the checks Defendants had issued to them and had issued to third parties at Plaintiffs' direction.

42. Defendants knew that the representations were false when Defendants accepted Plaintiff's deposited funds and ordered checks to be issued to Plaintiffs and to Plaintiffs' third-party payees.

43. Defendants intended that Plaintiffs act on the representation, a manner reasonably contemplated.

44. Plaintiffs did not know of the representation's falsity.

45. Plaintiffs reasonably and rightfully relied upon Defendants representation.

46. As a direct and proximate cause of Defendants representation and Plaintiffs' subsequent reliance, Plaintiffs were damaged in an amount to be proven at trial but not to exceed ONE HUNDRED TWENTY-SIX THOUSAND NINE HUNDRED NINETY FOUR

**COMPLAINT**

and 02/100 DOLLARS ($126,994.02).

47. Plaintiffs are entitled to costs and disbursements, pre- and post- judgment interest, and any other relief the Court deems proper.

## SIXTH CAUSE OF ACTION

(Dishonored Check, ORS 30.701)

48. Plaintiffs incorporate and reallege paragraphs 1 through 47 above as though fully set forth herein.

49. Defendants issued the following checks to Plaintiffs or to Plaintiffs' payees as "withdrawals" from their "account" balance with Defendants:

 a. THIRTY THOUSAND and 00/100 DOLLARS ($30,000.00) to Plaintiff Wong on or about November 2, 2022;

 b. THIRTY THOUSAND and 00/100 DOLLARS ($30,000.00) to Plaintiff Wong on or about November 3, 2022;

 c. TWENTY-TWO THOUSAND SIX HUNDRED EIGHTY-NINE and 00/100 DOLLARS ($22,689.00) to Eagle Valley Farm with Plaintiffs as Payee on or about November 18, 2022.

50. These three check payments were not honored.

51. Plaintiffs made written demand on Defendants at least thirty days before commencing this action.

52. Plaintiffs are entitled to treble damages on the face value of the check pursuant to ORS 30.701, amounting to TWO HUNDRED FORTY EIGHT THOUSAND SIXTY SEVEN and 00/100 DOLLARS ($248,067.00)

53. Plaintiffs are entitled to reasonable attorney fees, costs and disbursements, pre- and post-judgment interest, and any other relief the Court deems proper.

## SEVENTH CAUSE OF ACTION

(Conversion)

54. Plaintiffs reallege and incorporate paragraphs 1 through 53, as though fully set forth herein.

**COMPLAINT**

55. Plaintiffs have a right to possession of their monies placed with Defendants.

56. Defendants have intentionally exercised dominion or control over Plaintiffs' "deposited" funds by refusing to provide these funds to Plaintiffs when Plaintiffs requested the funds.

57. Defendants dominion or control over Plaintiffs' "deposited" funds has so seriously interfered with Plaintiffs' ability to control these funds, requiring Defendants to pay to Plaintiffs the value of their "account" balance for loss of use, of these funds, in an amount to be proven at trial but not to exceed ONE HUNDRED TWENTY SIX THOUSAND NINE HUNDRED NINETY FOUR and 02/100 DOLLARS ($126,994.02).

58. Plaintiffs are entitled to costs and disbursements, pre- and post- judgment interest, and any other relief the Court deems proper.

EIGHTH CAUSE OF ACTION

(RICO Violations, 18 U.S.C. §§ 1961-1968)

59. Plaintiffs reallege and incorporate paragraphs 1 through 58, as though fully set forth herein.

60. Defendants demonstrated a pattern of racketeering activity, soliciting funds from Plaintiffs in an ongoing manner over the first ten (10) months of 2022, while knowing that it would not issue "withdrawals" to Plaintiffs and its other clients and that any such attempted withdrawals would result in bounced checks and unfunded liabilities.

61. Defendants were and are a "culpable person", as an entity capable of holding a legal or beneficial interest in the deposits, and Defendants acted willfully and with intent to obtain monetary assets from Plaintiffs knowing that receipt of these funds would create unfunded liabilities and knowing that it would not be able to meet its obligations it had promised to Plaintiffs, illegal predicate acts.

62. Defendants are an "enterprise".

63. The wiring of monetary assets overseas to United States Territories has an effect on interstate commerce.

64. Plaintiffs have suffered damages in an amount to be proven at trial but not to exceed ONE HUNDRED TWENTY SIX THOUSAND NINE HUNDRED NINETY FOUR and 02/100 DOLLARS ($126,994.02).

65. Plaintiffs are entitled to costs and disbursements, pre- and post- judgment interest, and any other relief the Court deems proper.

66. Plaintiffs reserve the right to amend this Complaint to allege punitive damages.

WHEREFORE, Plaintiffs Kevin Wong and Killa Beez pray as follows:

For Plaintiffs' FIRST, SECOND, THIRD, FOURTH, FIFTH, SEVENTH, and EIGHTH CAUSES OF ACTION:

1. Damages in the amount of $126,994.02;
2. Costs and disbursements;
3. Pre- and post- judgment interest;
4. Any other relief the Court deems proper.

For Plaintiffs' SIXTH CAUSE OF ACTION:

1. Economic damages in the amount of $248,067.00
2. Attorney Fees pursuant to ORS 30.701;
3. Costs and disbursements;
4. Pre- and post- judgment interest;
5. Any other relief the Court deems proper.

DATED this 6th day of November, 2023.

CRAWLEY LLP

_____
Timothy I. Crawley, OSB No. 122546
*Of Attorneys for Plaintiffs Kevin Wong
and Killa Bees Distribution, LLC*