IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KILLA BEES DISTRIBUTION LLC,** *et al.*, | Case No. 3:23-cv-1629-JR |
| Plaintiffs, | **ORDER** |
| v. | |
| **LEFT COAST FINANCIAL SOLUTIONS, INC.,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiffs, marijuana product distributors, allegedly used Defendant Left Coast Financial Solutions, Inc. ("Left Coast") for banking services. The remaining defendants appear to be affiliated with Defendant Left Coast through ownership, directorship, corporate relationship, or as an employee. Plaintiffs sue Defendants for Oregon common law claims of breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, fraud, conversion, and breach of fiduciary duties; an Oregon statutory claim for dishonored check under Oregon Revised Statutes § 30.701; and a federal statutory claim for violations of the Racketeer Influenced and Corrupt Organizations Act. Plaintiffs allege that they deposited $126,994.02 with Left Coast and that in return Defendants wrote checks that did not clear.

Before the Court is Plaintiffs' motion for temporary restraining order ("TRO"), filed on September 18, 2024. In their motion for TRO, Plaintiffs do *not* request that the Court enjoin *Defendants* from doing anything. Instead, Plaintiffs ask that the Court enjoin a nonparty bank from transferring monies of Left Coast to the Northern Mariana Islands Commonwealth

PAGE 1 – ORDER

Treasurer on October 1, 2024, due to an inactive bank account. Plaintiffs assert that they became aware of this intended transfer on July 16, 2024, and that the transfer was confirmed on August 9, 2024, by City Trust Bank in a response to Plaintiffs' document subpoena.

In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).] A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *See All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."[1] *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious

---

[1] The Ninth Circuit appears to have narrowed the "serious questions" test to serious factual questions that need to be resolved, *see Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031 (9th Cir. 2024), although the cases cited for that proposition do not limit the serious questions test only to factual disputes. Regardless of the contours of the serious questions test, however, Plaintiffs' motion fails because they seek relief against a party outside the jurisdiction of the Court and are unable to show irreparable harm.

PAGE 2 – ORDER

questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

The Court denies Plaintiffs' TRO for several reasons. First, Rule 65(d)(2) of the Federal Rules of Civil Procedure establishes the persons or entities against whom a federal court has jurisdiction to issue an injunction. Under that rule, a federal court may issue an injunction against the parties in a lawsuit as well as their agents, officers, and employees, and any others who are in "active concert or participation" with those persons. Here, however, Plaintiffs have not explained how City Trust Bank, who is not a party in this lawsuit, comes within the scope of Rule 65(d)(2). *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Next Invs., LLC v. Bank of China*, 12 F.4th 119, 133 (2d Cir. 2021) ("The district court also determined that the Banks were not in 'active concert or participation' with Defendants and thus the asset restraints did not clearly and unambiguously apply to the nonparty Banks under Rule 65(d)(2). We agree with this conclusion." (citation omitted)). Thus, the Court does not have jurisdiction to grant the requested TRO.

Second, even if the Court could grant the TRO, Plaintiffs do not show that the loss of money, which is the only harm alleged in this lawsuit, is irreparable injury. Harm is "irreparable" when it cannot "be adequately remedied by money damages and is often permanent or at least of long duration." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545 (1987). Irreparable harm in the business context may include the loss of goodwill, reputation, and potential new customers, *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001), but Plaintiffs did not allege such harm or argue it in their motion for TRO. Plaintiffs

...

solely argue that money being transferred into the public treasury that otherwise could be accessible to Plaintiffs constitutes irreparable harm.

Third, Plaintiffs' delay in filing for the TRO counsels against finding irreparable harm, particularly when Plaintiffs then sought to have the motion granted without serving the lawsuit on Defendants (in violation of Rule 4(m) of the Federal Rules of Civil Procedure) and without serving the motion for TRO on Defendants. Plaintiffs state that they learned about the transfer on July 16th and had it confirmed on August 9th, yet waited until September 18th, less than two weeks before the transfer date, to file for court intervention. This delay counsels against a finding of likely irreparable harm, even if the transfer of money could be considered irreparable harm. *See Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."); *Giving Back Fund Inc. v. Miami Mktg. Grp.*, 2011 WL 13217774, at *4 (C.D. Cal. Jan. 20, 2011) (stating that the plaintiffs' two-month delay in filing their motion "certainly implies a lack of urgency and accordingly counsels against finding a likelihood of irreparable harm").

Finally, the motion appears moot. Plaintiffs state that City Trust Bank was set to transfer the funds on October 1, 2024. Because the motion was not filed until September 18, 2024, and the Court declined to consider the motion *ex parte*, and required Plaintiffs to serve their lawsuit and the motion on Defendants, the motion was not ripe for the Court's consideration until November 1, 2024.

For the reasons stated in this Order, the Court lacks jurisdiction to provide the specific relief requested by Plaintiffs and even if the Court could provide the requested relief, Plaintiffs

fail on the merits to show that they are entitled to a TRO. Thus, the Court DENIES Plaintiffs' motion for temporary restraining order (ECF 17).

**IT IS SO ORDERED.**

DATED this __th day of November, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 5 – ORDER