IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KILLA BEES DISTRIBUTION LLC,** *et al.*, | Case No. 3:23-cv-1629-JR |
| Plaintiffs, | **ORDER** |
| v. | |
| **LEFT COAST FINANCIAL SOLUTIONS, INC.,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation ("F&R") in this case on April 1, 2025. Judge Russo recommended that this Court Grant Defendants Dominique Villela and Nicholas Rupp's motions to dismiss. The F&R is silent regarding whether to grant leave to amend.

    Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

Plaintiffs objected only to the recommended dismissal of their claims against Defendant Nicholas Rupp. Plaintiffs do not object to the recommended dismissal of their claims against Defendant Dominique Villela. The Court thus reviews that portion of the F&R for clear error on the face of the record. No such error is apparent. The Court adopts that portion of the F&R.

Regarding the portion of the F&R relating to claims against Rupp, Plaintiffs argue that the F&R ignores the "specific factual allegations" in the Second Amended Complaint ("SAC") supporting Plaintiffs' claims against Rupp and failed correctly to apply the Rule 12(b)(6) standard of accepting Plaintiffs' well-pleaded allegations as true and construing them in the light most favorable to Plaintiffs. As pointed out by Judge Russo, however, Plaintiffs did not allege many specific *facts* about Rupp in the SAC. Plaintiffs allege that he was a founder of Defendant Left Coast Financial Solutions ("LCFS") and that as part of "current" leadership of LCFS, Rupp failed to inform depositors about the status of and access to their deposits, that Rupp failed to

advance a January 29, 2023 Consent Order from the State of Oregon, and that he intentionally abandoned deposits overseas.

Plaintiffs generally allege that Defendants Elizabeth Nye-Herrington, Daniel Herrington, and Rupp used Plaintiffs' funds for "their own" personal gain, but offer no specific facts supporting this conclusory allegation, particularly relating to Rupp. Plaintiffs further allege that Rupp and the Herringtons engaged in deceptive accounting practices to mislead Plaintiffs to cash checks, when they knew there were insufficient funds to cover the checks, and failed to communicate with depositors, including Plaintiffs. These allegations appear to contradict Plaintiffs' later allegation specific to Rupp. Plaintiffs allege that Rupp "stepped into" his position as a board member of LCFS "to bring it back into compliance with the licensing authorities and return Plaintiffs' deposits." SAC ¶ 91. This would place Rupp's board service *after* the alleged misconduct of Defendants Elizabeth Nye-Herrington and Daniel Herrington was discovered by the State of Oregon. This timing does not align with the allegation that Rupp, along with the Herringtons, used deposited funds for personal gain and engaged in deceptive accounting practices to mislead Plaintiffs into cashing checks.[1]

As discussed by Judge Russo, Plaintiffs' allegations against Rupp do not support the alleged claims for breach of contract, breach of the implied covenant of good faith and fair

---

[1] Plaintiffs allege other facts relating to "Defendants." In any Third Amended Complaint, Plaintiffs "must allege more than generic and conclusory allegations demonstrating that 'Defendants' collectively engaged in [misconduct] and allege with at least some degree of specificity the acts which each defendant is alleged to have engaged in which support Plaintiff's claims." *McKeon v. Cent. Valley Cmty. Sports Found.*, 2018 WL 6436256, at *4 (E.D. Cal. Dec. 7, 2018) (citing cases); *see also Karkanen v. California*, 2018 WL 3820916 at * 7 (N.D. Cal. Aug. 10, 2018) (dismissing complaint where "plaintiff repeatedly lumps 'defendants' together in her allegations," because "a complaint which lumps together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)" (citing cases)). Plaintiffs also may not combine allegations relating to Rupp and the Herringtons unless it is clear how they all engaged in the same alleged conduct.

dealing, unjust enrichment, negligence, fraudulent misrepresentation, dishonored check, conversion, federal Racketeer Influenced and Corrupt Organizations Act, and breach of fiduciary duties. Plaintiffs also raise in their objections several arguments, allegations, and positions not alleged in the SAC. These include allegations of fraud by omission based on "half-truth," fraud by active concealment, liability through piercing the corporate veil, and assumption of contractual obligations. In evaluating a motion to dismiss under Rule 12(b)(6), however, the Court considers only the well-pleaded allegations contained in the complaint, not assertions first presented in briefing. Plaintiffs may raise these new factual allegations and legal theories in an amended complaint, if they believe that they can do so in compliance with Rule 11 of the Federal Rules of Civil Procedure.

Plaintiffs also object that the F&R failed to consider that Rupp was in a "special relationship" with Plaintiffs. The Court rejects this contention. Plaintiffs appear to argue, without legal support, that because the deposited funds allegedly were mishandled after they were deposited, this was "discretionary" handling of the money and changed the relationship from a bank and depositor into a fiduciary relationship. Although the Court is skeptical of this theory, at most it might support a special relationship with LCFS, about which the Court expresses no opinion at this time. Plaintiffs allege no facts showing that *Rupp* agreed to act on Plaintiffs' economic behalf, invest on their behalf, handle their money in a discretionary manner on their behalf, or had *any* relationship with Plaintiffs, special or otherwise. Simply alleging that Rupp was on the board of LCFS and "abandoned" funds overseas does not show a fiduciary relationship with depositors such as Plaintiffs.

Finally, the Court has considered the other objections raised by Plaintiffs. After a *de novo* review, the Court adopts the remaining portions of the F&R.

Plaintiffs request leave to file a Third Amended Complaint if the Court grants the motions to dismiss. The F&R is silent with respect to leave to amend, and the underlying motions did not request that the SAC be dismissed with prejudice. Plaintiffs filed the original complaint, first amended complaint, and SAC before any motions or Court review. Thus, this is the first evaluation of Plaintiffs' allegations by the Court. Accordingly, the Court grants Plaintiffs leave to file a Third Amended Complaint.

The Court ADOPTS the Findings and Recommendation, ECF 82. The Court GRANTS Defendant Rupp's Motion to Dismiss, ECF 34, and Defendant Villela's Motion to Dismiss, ECF 49. Plaintiffs may file a Third Amended Complaint within two weeks of the date of this Order.

**IT IS SO ORDERED.**

DATED this 16th day of May, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge