IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KILLA BEES DISTRIBUTION LLC, dba
KILLA BEEZ, an Oregon limited liability
company; KEVIN WONG, an individual,

                            Plaintiffs,

          v.

LEFT COAST FINANCIAL SOLUTIONS,
INC., an Oregon corporation; LEFT COAST
FS HOLDINGS, INC. dba LCFS, an Oregon
corporation; LEFT COAST FS RANCHERIA,
INC., an Oregon corporation; CASEY
ELIZABETH NYE-HERRINGTON; an
individual; DANIEL HERRINGTON; an
individual; NICHOLAS RUPP, an individual;
DOMINIQUE VILLELA, as an individual and
in his capacity as a member, manager, or
employee of SHOT VENTURES, LLC; SHOT
VENTURES, LLC, an Arizona limited liability
company; and DOES 1 through 25,

                          Defendants.

3:23-cv-01629-JR

FINDINGS &
RECOMMENDATION

RUSSO, Magistrate Judge:

      Plaintiffs, Killa Bees Distribution LLC and Kevin Wong, move for entry of default

judgment pursuant to Fed. R. Civ. P. 55(b) against defendants Left Coast Financial Solutions,

Inc., Left Coast FS Holdings, Inc., and Left Coast FS Rancheria, Inc. The Clerk entered default

Page 1 – FINDINGS & RECOMMENDATION

against each of these defendants pursuant to Rule 55(a). To date, despite service and repeated

notice, none of these defendants have appeared or otherwise defended this action.  For the

reasons below, plaintiffs' motion should be granted

The <em>Eitel</em> Factors

In determining whether to enter default judgment, courts in the Ninth Circuit consider the

factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Each factor weighs

in favor of default judgment here.

(1) Plaintiffs will be prejudiced absent default judgment. "And any potential prejudice to the

plaintiff favors granting a default judgment." *Contractors Bonding & Ins. Co. v. Radian
Constr. Corp.*, 2021 WL 5927682, *2 (D. Or. Nov. 29), *adopted by* 2021 WL 5925962
(D. Or. Dec. 15, 2021) (citation and internal quotations omitted).

(2) and (3) The second and third factors – the merits of plaintiffs' claims and the sufficiency

of plaintiffs' complaint – also favor granting plaintiffs' motion. The Ninth Circuit has

directed that the second and third factors, taken together, require the dispositive pleading

to "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d
1386, 1388 (9th Cir. 1978). Plaintiffs have sufficiently pleaded an actual controversy and

stated valid claims against the defaulted defendants for breach of contract, breach of the

covenant of good faith and fair dealing, unjust enrichment, negligence, fraudulent

misrepresentation, dishonored checks and conversion.

(4) The fourth factor considers the sum of money at stake in this action. The damages here are

neither nominal nor particularly substantial, as plaintiff seeks $126,994.02 in actual

damages, along with statutory damages, prejudgment interest, attorney fees and costs. The

Court concludes that the fourth factor is neutral.

(5) The fifth factor considers the possibility of a dispute concerning material facts. As discussed above, the defendants were properly served but did not appear in this case. The Court must therefore accept as true plaintiff's well-pleaded factual allegations in the Third Amended Complaint. No contrary evidence has been presented.

(6) and (7)  The sixth and seventh factors favor granting plaintiffs' motion. The sixth factor considers whether defendants' default was due to excusable neglect, and here the record demonstrates that defendants were served but have not appeared or otherwise indicated an intent to do so. As to the seventh factor, "default judgments are disfavored because cases should be decided on their merits whenever reasonably possible [but] the policy . . . favoring decisions on the merits does not weigh against default judgment because [the defendants'] failure to appear makes a decision on the merits impractical." *Contractors Bonding & Ins. Co.*, 2021 WL 5927682 at \*3 (citations and internal quotations and brackets omitted). In sum, after balancing the *Eitel* factors, the Court concludes that default judgment should be entered.

## RECOMMENDATION

Plaintiffs' motion for default judgment (ECF 105) should be granted and default judgment entered against defendants Left Coast Financial Solutions, Inc., Left Coast FS Holdings, Inc., and Left Coast FS Rancheria, Inc. Fed. R. Civ. P. 55(b)(2). The *Eitel* factors favor entry of a default judgment as to all three defendants awarding compensatory damages in the amount of $126,994.02, however, statutory damages, prejudgment interest, attorney fees and costs have not yet been established.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure,

Page 3 – FINDINGS & RECOMMENDATION

should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 10th day of March, 2026.


_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge

Page 4 – FINDINGS & RECOMMENDATION